IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CHARLES A. FRENCH,** **ID # 1503820**, | § § § | |
| Petitioner, | § § | |
| v. | § | Civil Action No. **3:09-CV-2456-L** |
| | § | |
| **RICK THALER, Director**, **Texas Department of Criminal Justice**, **Correctional Institutions Division**, | § § § § | |
| Respondent. | § § | |

## **MEMORANDUM OPINION AND ORDER**

Before the court is Charles A. French's Petition for Writ of Habeas Corpus, filed December 28, 2009. The case was originally assigned to United States District Judge Jane J. Boyle and was referred to United States Magistrate Irma Carrillo Ramirez, who entered Findings, Conclusions, and Recommendation ("Report") on July 12, 2010. Petitioner filed objections to the Report on July 29, 2010.[1] Judge Boyle recused herself from presiding over this action on August 12, 2010, and the case was reassigned to this court.

This is a habeas petition filed pursuant to 28 U.S.C. § 2254. Petitioner pled guilty in state court to possession of a controlled substance enhanced by prior felony convictions on September 14, 2001. Pursuant to the plea agreement, he was sentenced to fifteen years of imprisonment, and the agreement stated that the imprisonment term would run concurrently to other sentences,

---

[1] Petitioner filed Petitioner's First Motion for Extension of Time to File Petitioner's Objections To Magistrate's Findings, Conclusions, and Recommendation on July 23, 2010. The court received Petitioner's objections on July 29, 2010, without granting Petitioner's request for time extension. The court accordingly treats Petitioner's July 29, 2010 objections as timely filed and **denies as moot** Petitioner's First Motion for Extension of Time to File Petitioner's Objections To Magistrate's Findings, Conclusions, and Recommendation.

**Memorandum Opinion and Order – Page 1**

including his prior federal sentence. On July 26, 2007, Petitioner's federal supervised release was revoked because of Petitioner's commission of a new offense; he was sentenced by the federal district court to a twenty-four-month term of imprisonment to be served consecutively to any term imposed by the state court. Petitioner now raises two grounds for relief in his federal habeas petition: 1) his guilty plea was involuntary because he was induced by the State's promise that his state and federal sentences would run concurrently (a promise that he contends the State could not keep); and 2) his trial counsel provided ineffective assistance of counsel by erroneously advising him that the sentences would run concurrently.

At the state habeas level, the trial court found that the State upheld its end of the plea agreement because Petitioner received credit towards his state sentence for the time he spent in federal prison and on federal supervised release, and therefore the sentences ran concurrently as promised. The trial court further found that Petitioner would have continued to receive credit towards his state sentence for the time he was on federal supervised released had he not committed a new offense, resulting in the revocation of his federal supervised release. The Texas Court of Criminal Appeals denied Petitioner's grounds for relief on the merits based on these findings by the state trial court.

The magistrate judge determined that the ruling of the Texas Court of Criminal Appeals was not contrary to or an unreasonable application of federal law. She discussed at length a similar case decided by the Fifth Circuit, *Montoya v. Johnson*, 226 F.3d 399 (5th Cir. 2000). In *Montoya*, the defendant complained that his state plea bargain was involuntary and that his counsel was ineffective because his agreement provided that his twelve-year state sentence would be imposed concurrently with his federal sentence. *See id.* at 401. Although he had already pled guilty in federal court, he had not yet been sentenced by the federal court before signing the state plea agreement and being

**Memorandum Opinion and Order – Page 2**

sentenced in state court. *Id.* at 401-02. The federal court subsequently sentenced him to seventy-eight months, to run *consecutively* to his state sentence. *Id.* The state habeas court denied relief, but the federal district court granted relief; the government appealed. The Fifth Circuit ultimately held that the state court's denial of relief was not an unreasonable application of federal law because the defendant had failed to show that the plea agreement had been misrepresented to him. *Id.* at 406. The court concluded that the state did not breach its promise "because a state is not responsible for what might occur in federal criminal proceedings." *Id.*

Here, as the magistrate judge noted, the federal criminal proceedings occurred *before* the state court imposed its concurrent sentence onto Petitioner, in compliance with the plea agreement. Petitioner nevertheless contends that *Montoya* necessitates granting relief because the State made an "illusory" promise. *See id.* at 405 ("Thus, a finding that Montoya's plea agreement contained either an illusory or breached promise-and that the state court unreasonably found to the contrary-would warrant federal habeas relief."). The court disagrees.

There is no indication in the record, or from the findings of the magistrate judge, or from the findings of the state courts below that the State's promise was illusory. "A court sitting in habeas review should not . . . lightly find misrepresentation in a plea agreement." *Id.* at 406. From the court's understanding of this case's history, Petitioner began serving his federal and state sentences concurrently up until the point when Petitioner's federal supervision was revoked because he committed a new offense. The State had no control over Petitioner's own conduct in precipitating the revocation of his federal supervised release. A state plea agreement has no ability to bind the subsequent actions of a federal court, particularly when such actions are brought about by the defendant's violation of the conditions of federal supervised release. *See id.* at 408.

Petitioner argues that the State made a promise that was impossible to perform; however, had Petitioner not had his federal supervision revoked, it is clear to the court that the state sentence would have continued running concurrently to the federal sentence. Petitioner essentially changed the game when he engaged in conduct leading to the revocation of his supervised release. The State had no control over Petitioner's own conduct, and Petitioner was well aware that he could have his federal supervision revoked, and be resentenced accordingly, by the federal court if he failed to comply with the conditions of his supervised release.

Petitioner's objections generally challenge the magistrate judge's reasoning and legal conclusions, and he bases his contention that his guilty plea was involuntary solely on the grounds that the State's promise was unfullfillable from the outset. He asserts that the federal warrant for violations of his supervised release was issued in early April 2006 for multiple violations, prior to the any "new" offense that he committed; he therefore argues that the magistrate judge's findings that his supervision was revoked because of a new offense was erroneous. Even if Petitioner's federal supervision was revoked because of prior violations and not a new offense, as he contends, this does not change the court's determination that it was Petitioner's own conduct (in violating the conditions of his supervised release) that caused his supervised release to be revoked. The State had nothing to do with that.

The court finds the entirety of Petitioner's arguments and objections unpersuasive, and it further determines that such arguments and objections primarily consist of reassertions from his original habeas petition. It is clear to the court that the state courts below did not commit an unreasonable application of or reach a decision contrary to federal law; on the contrary, the court determines that the state courts reached a result consistent with *Montoya*. Because the state's

promise as not unfullfillable, and was confounded only by Petitioner's own conduct, the plea agreement was not "illusory," and Petitioner's acquiescence to the plea deal was not involuntary. Further, Petitioner's counsel did not provide ineffective assistance when he advised Petitioner that the state and federal sentences would run concurrently. It is clear from the record that the sentences *did* run concurrently up until the point when Petitioner violated the conditions of his supervised release and had it revoked by the federal court.

Having reviewed the petition, file, record, and Report in this case, the court determines that the findings and recommendation are correct. They are therefore **accepted** as those of the court. The court **dismisses without prejudice** the writ of habeas corpus because he has failed to demonstrate an unreasonable application of or decision contrary to federal law by the courts below.

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.[2] The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In support of this determination, the court accepts and

---

[2]Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:
    **(a)**     **Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
    **(b)**     **Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

incorporates by reference the magistrate judge's report filed in this case. In the event that Petitioner files a notice of appeal, he must pay the $455 appellate filing fee or submit a motion to proceed *in forma pauperis* ("IFP"), unless he has been granted IFP status by the district court.

**It is so ordered** this 30th day of August, 2010.

Sam A. Lindsay
United States District Judge